IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS LUEBEN, Recreational Therapy Staff; LEON, 2 East Staff; HUNTER, Staff Supervisor; JAMES, Security Guard; EDGAR, Security Guard; COREY, Compliance Specialist; JULIE, Nurse; JOY JOHNSON, Nurse; KANE, Treatment Team Member; MIKE, 2 East Staff; VERLIN, Recreational Staff; SHERRI, Therapist; RAY P., 2 East Staff; CHRIS, Security Guard; RAY W., 2 East Staff; DR. CHE, Doctor; ANDREW, Doctor; TYLER, Security Guard; and COLTON, Security Guard,<br><br>    Defendants. | **8:21CV33**<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

    Plaintiff complains that there are three patients in the NRC who threaten and harass him and other patients, but the staff rewards them to keep them happy, thereby endangering his safety. (Filing 1 at CM/ECF p. 7.) In Plaintiff's Motion for Amended Complaint, which the court will treat as supplemental to Plaintiff's

Complaint, Plaintiff alleges that all of the Defendants are part of a treatment team to whom Plaintiff has reported patient Russell Frost's threatening and harassing behavior numerous times since November 2020, but Defendants "did little to nothing or enforced his behavior with positive privileges." (Filing 6 at CM/ECF p. 1.) Plaintiff claims Frost hit him in the head 10 times on January 20, 2021. (*Id.*) Plaintiff theorizes that the Defendants "waited and waited and possibly wanted me to get beat up by Russell Frost because they 'failed to protect' my 14th amendment [rights] after reporting him for . . . threats/harassment." (*Id.* p. 2.) Defendants' handling of Russell Frost has caused Plaintiff and his fellow patients "to suffer from the code greens and the response team coming in with riot shields to take care of Russel Frost because if they don't 'Baby' him he gets very physical." (Filing 1 at CM/ECF p. 7.)

Plaintiff sues each Defendant in their individual capacity for $50 million.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff brings failure-to-protect claims against each Defendant in their individual capacity.

"[G]overnment officials have 'an unquestioned duty to provide reasonable safety for all residents and personnel within [an] institution' where people are involuntarily committed." *Hall v. Ramsey Cty.*, 801 F.3d 912, 918 (8th Cir. 2015) (quoting *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982)). "Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004).

It is well established that the Eighth Amendment "requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." *Revels*, 382 F.3d at 874. Instead, "[t]he rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Id.* This distinction makes little difference as a practical matter, however, because the Fourteenth Amendment provides civilly committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment." *Nelson v. Shuffman,* 603 F.3d 439, 446 n.3 (8th Cir. 2010) (failure-to-protect claims

3

brought by detainee living in sex-offender treatment center evaluated under standards applicable to prisoners' failure-to-protect claims).

"Prison officials act unreasonably—thereby violating the Eighth Amendment—when they are deliberately indifferent to a 'substantial risk of serious harm.'" *Nelson*, 603 F.3d at 446 (quotation marks and citations omitted). To prove deliberate indifference, an inmate must make two showings: "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834) (internal citation omitted). The deprivation is "'objectively, sufficiently serious,' [under the first requirement when] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" *Young*, 508 F.3d at 872 (quoting *Farmer*, 511 U.S. at 834). "An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Id.* at 873 (citing *Farmer*, 511 U.S. at 844-45).

Here, Plaintiff alleges that a fellow patient threatened and harassed him, that such behavior was repeatedly communicated to Defendants, that Defendants either refused to discipline the fellow patient or "babied" him, and thereafter the fellow patient hit Plaintiff in the head ten times and is likely to continue such behavior due to Defendants' repeated failure to discipline the patient. Liberally construing Plaintiff's Complaints, I conclude that Plaintiff has adequately alleged a Fourteenth Amendment failure-to-protect claim against the Defendants.

While the court wishes to order service of process on the Defendants, such service cannot occur unless Plaintiff identifies the first and last names of the Defendants. Accordingly, Plaintiff will be given leave to file with the court a Supplemental Complaint containing *only* the first and last names of each Defendant, after which the court will order service of the Complaint upon the Defendants.

IT IS ORDERED:

1. Within 30 days of the date of this Memorandum and Order, Plaintiff shall file a Supplemental Complaint containing *only* the first and last names of each Defendant, after which the court will order service of the Complaints upon the Defendants.

2. Plaintiff's Motion for Amended Complaint (Filing 6) shall be redocketed as a Supplemental Complaint and shall no longer appear as a pending motion.

3. Plaintiff's Motion to Provide Proof of Name Change (Filing 9) is granted, and the Clerk of Court shall change Plaintiff's name in the caption of this case from "Timothy J. Wiley" to "Timothy Joseph Carroll."

4. The Clerk of Court shall set a pro se case management deadline as follows: May 13, 2021—supplemental complaint providing first and last names of Defendants due.

DATED this 13th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge