IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY JOSEPH CARROLL,

Plaintiff,

vs.

CHRIS LUEBE, et al.

Defendants.

8:21-CV-33

ORDER

This matter is before the Court on the plaintiff's motion (filing 48) to extend the time for responding to the defendants' motion to dismiss (filing 46) and to take judicial notice of certain facts. The Court will grant the requested extension, but deny the motion to take judicial notice.

MOTION TO EXTEND

Pursuant to the Court's rules, a plaintiff may respond to a motion to dismiss within 21 days. NECivR 7.1(b)(1). The plaintiff has asked for a 30-day extension of his response deadline. Filing 48 at 5. The Court finds good cause to extend that deadline: the plaintiff may file his response to the motion to dismiss on or before September 10, 2021.

MOTION TO TAKE JUDICIAL NOTICE

The plaintiff asks the Court to "take judicial notice" of several pages of facts that the defendant asserts the Court should consider. Filing 48 at 1-4. The Court cannot do that.

The defendants have moved to dismiss the plaintiffs' complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Filing 46. When

deciding a motion to dismiss under Rule 12(b)(6), the Court is generally limited to considering the facts alleged by the plaintiff <u>in the pleadings</u>. *See* Rule 12(d).

The Court may also take judicial notice of certain facts, when appropriate. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). But the Court may take judicial notice only of facts that (1) are generally known in the Court's jurisdiction, that is, Nebraska; and (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice should not be taken unless the facts are matters of common knowledge or capable of <u>certain</u> verification. *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014). If there is any doubt about a particular fact, then judicial notice should <u>not</u> be taken. *See Brown v. Piper*, 91 U.S. 37, 43 (1875).

The facts asserted by the plaintiff here are not beyond controversy. Rather, the plaintiff wants the Court to take "judicial notice" of how he says the defendants have behaved, and things they have done: in other words, the plaintiff wants the Court to make factual findings about the defendants' conduct. That's not a proper subject for judicial notice. *See Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir. 1987). In addition, many of the plaintiff's assertions are based on hearsay or speculation, which also cannot be admitted through judicial notice. *See 1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063 n.13 (8th Cir. 2014); *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009).

The issue, on a motion to dismiss pursuant to Rule 12(b)(6), is whether the plaintiff's <u>pleadings</u> contain factual allegations sufficient to state a claim for relief. The plaintiff's response to the defendants' motion to dismiss in this case should explain why the facts he alleged, in his complaint (filing 1), first supplemental complaint (filing 6), and second supplemental complaint (filing

11), state a claim for relief as to each of the defendants. The Court will not take judicial notice of the additional facts the plaintiff has asked the Court to consider in his motion.

IT IS ORDERED:

1.    The plaintiff's motion (filing 48) to extend and take judicial notice is granted in part and denied in part.

2.    The plaintiff may respond to the defendants' motion to dismiss (filing 46) on or before September 10, 2021.

3.    The defendants may reply in support of their motion to dismiss (filing 46) on or before September 17, 2021.

Dated this 30th day of July, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge